# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**S.F.M., a minor, by and through [his]**   )
**grandmother and next friend,**        )
**TERRI E. BAKER,**                   )
                                  )
         **Plaintiff,**           )
                                  )
**v.**                                   )
                                  )      **Case No. 17-2574**
**PHYLLIS GILMORE in her official capacity** )
**as Secretary of the Kansas Department for** )
**Children and Families, et al.,**         )
                                  )
         **Defendants.**        )
_____)

## <u>MEMORANDUM AND ORDER</u>

Plaintiff S.F.M. is a minor. He is the three-year-old grandson of his custodian grandmother and next friend, Terri E. Baker. Plaintiff has been adjudicated by a Kansas court to be a Child in Need of Care ("CINC") and has a CINC proceeding still open. Plaintiff has not been vaccinated. He filed this case when the Kansas Department for Children and Families Agency ("DCF") and KVC Behavioral Healthcare ("KVC") sent a letter indicating their intent to immunize plaintiff unless one of his parents took specific actions to show that an exemption to immunization applied. One of those actions was to provide a statement that plaintiff "is an adherent of a religious denomination whose religious teachings are opposed to such tests or inoculations." Before plaintiff's biological mother provided this statement, plaintiff filed suit against defendant Phyllis Gilmore, in her official capacity as Secretary for DCF; Susan Mosier, in her official capacity as Secretary for the Kansas Department of Health and Environment ("KDHE"); KVC; Saint Francis Community Services, Inc. ("SFCS"); John Doe 1–10; Ryan McCormick,

the biological father of plaintiff; and Maggie McCormick, the biological mother of plaintiff. Two parties have since moved to intervene as additional plaintiffs: Jonathan Schumm and Allison Schumm. The case is before the court on a number of motions:

- Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 3);

- Plaintiff's Motion for Summary Judgment on Count 1 (Doc. 11);

- Plaintiff's Motion for Summary Judgment on Counts 2–5 (Doc. 17);

- Motion to Intervene (Doc. 21) filed by Jonathan and Allison Schumm;

- Defendant Phyllis Gilmore's Motion to Dismiss (Doc. 23);

- Motion to Dismiss of Defendant Saint Francis Community Services, Inc. (Doc. 32);

- Defendant KVC Behavioral Healthcare, Inc.'s Motion to Dismiss (Doc. 35); and

- Motion to Dismiss of Defendant Susan Mosier in her Official Capacity as Secretary for the Kansas Department of Health and Environment (Doc. 37).

Because defendants' motions raise jurisdictional defenses, the court stayed briefing on plaintiff's motions and the motion to intervene until after considering the merits of defendants' motions. The arguments in nearly all of defendants' motions overlap to some degree. Most—if not all—defendants argue that this case is not ripe for disposition. Most argue that the court should abstain based on *Younger v. Harris*, 401 U.S. 37, 45 (1971). Most raise immunity and other grounds for abstention, as well. The court first addresses whether, in light of the pending CINC proceeding, the court should abstain under *Younger*.

I.    **Factual Background**

Pending in state court is a CINC proceeding.  By letter dated September 22, 2017, a case manager for KVC notified the McCormicks that DCF intended to authorize immunizations for plaintiff unless the McCormicks exercised one of three options.  The case manager represented that DCF or KVC could consent to the immunizations because plaintiff was placed in DCF custody.  She advised that within fourteen days, a parent could (1) provide a written statement by a licensed physician; (2) provide a written statement by one parent or guardian that "the child is an adherent of a religious denomination whose religious teachings are opposed to such tests or inoculations"; or (3) "file with the Court [the parent's] written objection to [the] child being immunized by DCF and its contractor."

Within fourteen days, Maggie McCormick, through her attorney, sent a written statement indicating that plaintiff and Maggie are adherents of a religious denomination whose religious teachings are opposed to such tests or inoculations.

Since that time, no one at DCF or KVC has attempted to immunize plaintiff.  In support of the motion to dismiss filed by Phillis Gilmore, an attorney for KVC—Daniel Gronniger—filed an affidavit.  Mr. Gronniger represents that neither a court nor DCF have directed KVC to arrange or obtain any vaccinations for S.F.M.  Mr. Gronniger further represents that Maggie McCormick's letter "halted KVC's tentative plans to arrange vaccinations for S.F.M.," and that "KVC has no intentions of moving forward with arrangements for vaccinations of S.F.M. unless or until KVC receives an order or other instruction to do so from the Johnson County, Kansas District Court (i.e., in the [CINC] proceedings) or notification that objections to the vaccinations on behalf of S.F.M. have been withdrawn."  (Doc. 36-1, at 1–2.)

## II.    Standard of Review

In their motions, defendants raise several matters that implicate this court's subject matter jurisdiction.  The existence of subject matter jurisdiction is a threshold issue.  *See Laughlin v. Kmart*

*Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so.  *See Castaneda v. Immigration & Naturalization Serv.*, 23 F.3d 1576, 1580 (10th Cir. 1994).  This court's jurisdiction is established by the United States Constitution and by acts of Congress.  *See United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995).

A party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.  *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  When federal jurisdiction is challenged, plaintiff bears the burden of showing why the case should not be dismissed.  *See Penteco Corp. v. Union Gas Sys.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

## III.    Discussion

Under the *Younger* abstention doctrine—which is based on principles of federalism, comity, and respect for state functions—a federal court cannot interfere with state court proceedings, absent extraordinary circumstances.  401 U.S. at 43–45.  Specifically, "[a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'"  *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation omitted).  Once the court finds that these conditions have been met, the court has no discretion to exercise jurisdiction; rather, *Younger* abstention is mandatory absent extraordinary circumstances.  *Crown Point I, LLC v. Intermountain Rural Elec Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).  Even a showing of irreparable injury, the standard for obtaining an injunction, is not sufficient cause for federal interference in a state case in light of "the fundamental policy" against federal interference.  *Younger*, 401 U.S. at 46.  Instead,

plaintiffs must also show "bad faith, harassment, or [some] other unusual circumstance[ ] that would call for equitable relief." *Id*. at 54.

When *Younger* abstention applies, a court must dismiss without prejudice any actions for injunctive or declaratory relief and stay proceedings seeking damages. *Chapman v. Barcus*, 372 F. App'x 899, 902 (10th Cir. 2010); *Buck v. Myers*, 244 F. App'x 193, 198 (10th Cir. 2007). Finally, a court may raise the application of *Younger* sua sponte. *Sanchez v. Wells Fargo Bank, N.A.*, 307 F. App'x 155, 157 (10th Cir. 2009). To the extent that not all defendants raised the issue, therefore, the court may still consider it as to all of them.

### 1.  Ongoing State Proceeding

First, the court examines whether there is an ongoing state proceeding that is of the type that *Younger* is intended to address. *See Sprint Commc'ns v. Jacobs*, 134 S. Ct. 584, 591 (2013) (citing *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350 (1989)). Three types of proceedings meet this definition: (1) ongoing state criminal prosecutions; (2) certain "civil enforcement proceedings" and (3) pending "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* The relevant question in this case is whether the CINC proceeding qualifies as a civil enforcement proceeding. Cases in this category have generally been "akin to a criminal prosecution" in "important respects." *Id.* (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975); *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). A state actor often initiates the action, characteristically to sanction the federal plaintiff, and the action commonly involves investigations. *Id.* at 592.

The court concludes that the CINC proceeding does qualify as a civil enforcement proceeding. Other judges in the District of Kansas have found that *Younger* applies when a CINC proceeding is pending. *See, e.g., Schwab v. Kansas*, No. 16-4033-DDC, 2017 WL 2831508, at *7–8 (D. Kan. June

30, 2017); *Alferez v. Chronister*, 41 F. Supp. 2d 1238, 1239–40 (D. Kan. 1999).  Here, the state has initiated the action.  Although plaintiff is not the person to be "sanctioned" in the CINC proceeding, the proceeding is directed at him and his parents.  The proceeding focuses on the interests and well-being of plaintiff, as well as the well-being of other children.  This satisfies the first requirement for *Younger* abstention.

### 2.  Adequacy of State Forum

A state proceeding provides an adequate forum if the plaintiff has an "opportunity to raise and have timely decided by a competent state tribunal" the claims in the federal complaint.  *Middlesex*, 457 U.S. at 435–37 (citation omitted).  Generally, "when constitutional challenges impact state proceedings, as they do here, proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand."  *Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. 2013) (citation omitted).

"Typically, a plaintiff has an adequate opportunity to raise federal claims in state court 'unless state law clearly bars the interposition of the [federal statutory] and constitutional claims."  *Phillips v. Martin*, 535 F. Supp. 2d 1210, 1215 (D. Kan. 2008), *aff'd*, 315 F. App'x 43 (10th Cir. 2008) (quoting *J.B. v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999)).  The plaintiff bears the burden of showing that state procedural law bars the presentation of the claims, making the state proceeding an inadequate forum.  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14–15 (1987) (citation omitted); *Valdez*, 186 F.3d at 1291.  The plaintiff's failure to present the federal claims does not render the state procedures inadequate.  *Juidice v. Vail*, 430 U.S. 327, 330 (1977); *Phillips*, 535 F. Supp. 2d at 1215–16.  Further, if the plaintiff fails to present the federal claims, "a federal court should assume that the state proceedings will afford an adequate remedy, in the absence of unambiguous authority to the contrary."  *Pennzoil Co.*, 481 U.S. at 15.

The ongoing CINC proceeding provides plaintiff an adequate forum to raise his federal claims. In fact, the letter from KVC specifically invites plaintiff's parents to raise the claims in the CINC proceeding. Plaintiff argues that the CINC proceeding is not an adequate forum because all of the federal defendants are not involved in the CINC proceeding; his grandmother is unable to bring claims on his behalf there; the prior experience of the Schumms (who seek to intervene here) shows that a CINC judge was not willing to hear constitutional claims; plaintiff is only entitled to a guardian ad litem in the CINC proceeding, not an attorney; and the CINC proceeding is one with jurisdiction over the child—not causes of action. He states that his claims in this case present discreet collateral issues in the CINC proceeding and cannot be fully litigated or appealed there, citing *In re M.H.D.*, No. 116,821, 2017 WL 3001036 (Kan. App. July 14, 2017). Plaintiff also makes other arguments that the court does not specifically mention here. The court has fully considered the merits of those arguments, even if it does not address them within this written opinion.

None of plaintiff's arguments address the governing law for whether a state proceeding provides an adequate forum. Because plaintiff failed to present his federal claims in the CINC proceeding, he now must overcome a presumption that the proceeding would be adequate. *See Pennzoil Co.*, 481 U.S. at 15. And plaintiff has made no showing that "state law clearly bars the interposition of the [federal statutory] and constitutional claims." *Phillips*, 535 F. Supp. 2d at 1215. Merely claiming that one CINC judge declined to hear the Schumm's constitutional arguments is not enough. Moreover, contrary to plaintiff's representation, there is a procedure available for appointment of an attorney in addition to plaintiff's guardian ad litem. *See* Kan. Stat. Ann. § 38-2205(a). Finally, potential lack of appellate review is insufficient to render the CINC proceeding inadequate. The case cited by plaintiff is an unpublished Kansas Court of Appeals case. It therefore is not precedential or favored for citation. Kan. Sup. Ct. R. 7.04(g). And this court has previously found

that an inability to appeal did not render a state court procedure inadequate.  *See Lofland v. City of Shawnee*, No. 16-2183-CM, 2016 WL 5933514, at *3 (D. Kan. Oct. 12, 2016).  In any event, plaintiff has not shown that state law bars consideration of his constitutional claims.  This element for abstention is met.

### 3.  Important State Interest

The CINC proceeding implicates important state interests of care and custody of children.  A state has an important interest governing the relations and health of families.  As stated in *Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1358 (D. Kan. 1994), "[T]he thrust of the complaint and its requests for relief address matters which should be resolved in the state action[].  In determining the custody and welfare of the minor plaintiff, the state court can also readily determine if [his] constitutional rights are being adequately protected in the court of its proceedings."  The CINC proceeding is the most appropriate forum for addressing a child's health care needs and who may consent to addressing those needs.  The third element for *Younger* abstention is met.

### 4.  Extraordinary Circumstances

If the requirements for *Younger* abstention are met, a federal court must abstain unless extraordinary circumstances exist.  *Phelps v. Hamilton*, 59 F.3d 1058, 1063–64 (10th Cir. 1995).  Specifically, a federal court need not abstain if the state proceeding was "commenced in bad faith or to harass" or "based on a flagrantly and patently unconstitutional statute" or if there is "any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate."  *Id.* (quoting *Younger*, 401 U.S. at 53–54).  Based on the underlying rationales for *Younger* abstention— federalism, comity, and respect for state functions—the exceptions are narrow, and the plaintiff has a "'heavy burden' to overcome the bar of *Younger* abstention."  *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citation omitted).

Here, the record does not indicate the CINC proceeding was commenced in bad faith or to harass. Neither is the state proceeding based on a "flagrantly and patently unconstitutional statute." And plaintiff has not shown any extraordinary circumstances creating a threat of great and immediate "irreparable harm." To the contrary, Mr. Gronniger for KVC represented that Maggie McCormick's letter "halted KVC's tentative plans to arrange vaccinations for S.F.M.," and that "KVC has no intentions of moving forward with arrangements for vaccinations of S.F.M. unless or until KVC receives an order or other instruction to do so from the Johnson County, Kansas District Court (i.e., in the [CINC] proceedings) or notification that objections to the vaccinations on behalf of S.F.M. have been withdrawn." (Doc. 36-1, at 1–2.) Accordingly, the exceptions for *Younger* abstention are not met and the court abstains from exercising jurisdiction over plaintiff's complaint.

## IV.    Conclusion

Because the court has found *Younger* abstention mandatory here, the court dismisses all claims for declaratory and injunctive relief. Plaintiff does, however, request damages in his complaint. When *Younger* abstention applies, a court must stay proceedings seeking damages. *Chapman*, 372 F. App'x at 902; *Buck*, 244 F. App'x at 198.

It is not clear which of plaintiff's claims are associated with the request for damages. In plaintiff's response to defendant Phyllis Gilmore's motion to dismiss (related to DCF), plaintiff clarifies that he does not seek damages from DCF. (*See* Doc. 30 at 16.) Defendant Phyllis Gilmore's motion, therefore, is granted in its entirety. Plaintiff also appears to seek only injunctive and declaratory relief against defendant Susan Mosier. (*See* Doc. 40 at 6.) Defendant Susan Mosier's motion is also granted in its entirety.

This leaves monetary claims against defendants SFCS and KVC. At this point, the court must stay those claims. While both defendants make additional arguments why the claims against them

should be dismissed, the court cannot rule on those arguments without making determinations that could interfere with the CINC proceeding. The court therefore stays the case with respect to the monetary claims against defendant SFCS and KVC. Further, the court denies without prejudice the Schumms' motion to intervene. Once the stay of the remaining claims is lifted, the Schumms may renew their motion if they still desire to participate in this case.

**IT IS THEREFORE ORDERED** that the following motions are granted: Defendant Phyllis Gilmore's Motion to Dismiss (Doc. 23); and Motion to Dismiss of Defendant Susan Mosier in her Official Capacity as Secretary for the Kansas Department of Health and Environment (Doc. 37). These defendants are dismissed from the case.

**IT IS FURTHER ORDERED** that the following motions are granted in part and denied in part: Motion to Dismiss of Defendant Saint Francis Community Services, Inc. (Doc. 32); and Defendant KVC Behavioral Healthcare, Inc.'s Motion to Dismiss (Doc. 35). The injunctive and declaratory claims against these defendants are dismissed. The monetary claims against these defendants are stayed. These defendants may refile their motions to dismiss on the remaining bases after the stay is lifted.

**IT IS FURTHER ORDERED** that the following motions are denied as moot: Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 3); Plaintiff's Motion for Summary Judgment on Count 1 (Doc. 11); and Plaintiff's Motion for Summary Judgment on Counts 2–5 (Doc. 17).

**IT IS FURTHER ORDERED** that the Motion to Intervene (Doc. 21) filed by Jonathan and Allison Schumm is denied without prejudice.

Dated this 29th day of March, 2018, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**