IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

S.F.M., a minor, by and through [his] )
grandmother and next friend, )
TERRI E. BAKER, )
                              )
            **Plaintiff,** )
                              )
v. ) 
                              )   Case No. 17-2574
**PHYLLIS GILMORE in her official capacity** )
**as Secretary of the Kansas Department for** )
**Children and Families, et al.,** )
                              )
            **Defendants.** )

## MEMORANDUM AND ORDER

Plaintiff S.F.M. is a minor. He is the three-year-old grandson of his custodian grandmother and next friend, Terri E. Baker. Plaintiff has been adjudicated by a Kansas court to be a Child in Need of Care ("CINC") and has a CINC proceeding still open. Plaintiff has not been vaccinated. He filed this case when the Kansas Department for Children and Families Agency ("DCF") and KVC Behavioral Healthcare ("KVC") sent a letter indicating their intent to immunize plaintiff unless one of his parents took specific actions to show that an exemption to immunization applied. One of those actions was to provide a statement that plaintiff "is an adherent of a religious denomination whose religious teachings are opposed to such tests or inoculations." Before plaintiff's biological mother provided this statement, plaintiff filed suit against defendant Phyllis Gilmore, in her official capacity as Secretary for DCF; Susan Mosier, in her official capacity as Secretary for the Kansas Department of Health and Environment ("KDHE"); KVC; Saint Francis Community Services, Inc. ("SFCS"); John Doe 1–10; Ryan McCormick, plaintiff's biological father; and Maggie McCormick, plaintiff's biological mother.

Earlier this year, this court dismissed all claims for declaratory and injunctive relief based on the *Younger* abstention doctrine. The court dismissed all claims against defendants Phyllis Gilmore and Susan Mosier, but stayed monetary claims against defendants SFCS and KVC. The case is now before the court on Plaintiff's Motion for Reconsideration of Dispositive Order Pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60 (Doc. 51). For the following reasons, the court denies the motion.

Motions for reconsideration "filed within [twenty-eight days] of the district court's entry of judgment . . . [are] treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e)." *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995) (applying an earlier version of Rule 59(e), when the deadline was ten days instead of twenty-eight). Motions filed outside Rule 59(e)'s twenty-eight-day time period are examined under Rule 60(b). *Id*. Plaintiff filed his motion within twenty-eight days, so the court considers plaintiff's motion under Rule 59(e).

In any event, the grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. See D. Kan. R. 7.3(b) (listing factors for reconsideration); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors); *Priddy v. Massanari*, No. 99-4195-DES, 2001 WL 1155268, at *2 (D. Kan. Sept. 28, 2001) (observing that the factors for reconsideration and Rule 59(e) are the same). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (citations omitted).

Plaintiff asks this court to reconsider its prior order because plaintiff claims to have new evidence that he could not have obtained through the exercise of due diligence. Plaintiff claims that this new evidence shows that the judge presiding over the CINC proceeding will not provide a forum

to litigate the claims that this court dismissed.  Specifically, plaintiff refers the court to the content of a review hearing before the CINC court.  After that hearing, the judge entered a Bench Note, which stated, "STATE NOT REQUESTING TO IMMUNIZE [S.F.M.].  INTERESTED PARTY ISSUES NOT IN CONTROVERSY; HE IS SEEKING AN ADVISORY RULING THROUGH LITIATION- DENIED."  Because of this Bench Note and the content of the hearing itself (presented to this court by transcript), plaintiff claims that he has no forum in the CINC court.  He argues that the CINC proceeding is not adequate because "the alternative forum does not permit litigation of the subject matter of the dispute." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 252 (1981).  Plaintiff also believes that the denial of the CINC forum to bring plaintiff's federal claims equates to "extraordinary circumstances," permitting the court to decline *Younger* abstention.

Plaintiff confuses the adequacy of a forum with the viability of his claims.  The CINC court declined to issue an advisory ruling about the legality of vaccination when there were no plans to vaccinate S.F.M.  But a refusal to rule in plaintiff's favor does not equate to a denial of an adequate forum for *Younger* purposes.  *See Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. 2013) ("[The] state court's decisions are not 'inadequate' for *Younger* purposes simply because the court did not rule in her favor.").  The CINC court noted that plaintiff's claims did not present a case or controversy.  But this does not mean that if plaintiff's claims become ripe, he is precluded by state law from presenting them to the CINC court.  Plaintiff still has not shown that a state procedural law bars presentation of his claims.  *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).  Plaintiff's "new evidence" does not justify reconsideration of the court's decision to abstain.  Neither does the new evidence present an extraordinary circumstance that justifies changing the court's decision under *Younger*.  The analysis for this exception to *Younger* remains the same as in the court's original decision.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration of Dispositive

Order Pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60 (Doc. 51) is denied.

Dated this 13th day of August, 2018, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**