## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

S.F.M., a minor, by and through [his]  )
grandmother and next friend,  )
TERRI E. BAKER,  )
                                                                                                            Plaintiff,  )
   )
v.  )
   )   Case No. 17-02574-CM-TJJ
PHYLLIS GILMORE in her official capacity )
as Secretary of the Kansas Department for  )
Children and Families, et al.,  )
   )
                                                                                                            Defendants.  )

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to vacate the court's order (Doc. 50) dismissing defendants, dismissing plaintiff's nonmonetary claims, and staying plaintiff's monetary claims. (Doc. 61.)

### I.    FACTUAL BACKGROUND

Plaintiff S.F.M. is the four-year-old grandson of his grandmother and next friend, Terri E. Baker. On October 2, 2017, plaintiff filed suit against defendants Phyllis Gilmore, in her official capacity, as Secretary for the Kansas Department for Children and Families ("KDCF"); Susan Mosier, in her official capacity, as Secretary for the Kansas Department of Health and Environment ("KDHE"); KVC Behavioral Healthcare, Inc.; Saint Francis Community Services, Inc.; and multiple individual defendants. On March 29, 2018, the court granted motions to dismiss parties by defendants KDCF and KDHE, dismissed plaintiff's non-monetary claims against defendants Saint Francis and KVC, and stayed plaintiff's monetary claims against defendants Saint Francis and KVC. (Doc. 50.)

Plaintiff now moves to vacate the court's order based on a change of circumstances because plaintiff was legally adopted by Terri and Linus Baker on July 10, 2019. Plaintiff argues that there remains a case and controversy with KDHE and plaintiff's public school, and that requiring plaintiff to file a new lawsuit would result in additional attorney's fees and costs. Plaintiff states that he will seek leave to amend to add Terri Baker individually, as a parent, if the court vacates.

**II.    LEGAL STANDARDS**

Federal Rule of Civil Procedure 60(b) allows the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Under Rule 60(c), "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* 60(c). When a moving party instead seeks relief under Rule 60(b)(6), the party "must show the existence of unusual circumstances that justify the extraordinary relief requested." *United States v. 31.63 Acres of Land*, 840 F.2d 760, 761 (10th Cir. 1988). A change in the law or the judicial view of established law is not a sufficient showing that justifies extraordinary relief. *Collins v. City of Wichita, Kan.*, 254 F.2d 837, 839 (10th Cir. 1958). Similar relief may be sought under Local Rule 7.3 within 14 days after entry for non-dispositive orders, but motions to vacate dispositive orders must be made pursuant to Federal Rules of Civil Procedure 59 and 60. *See* D. Kan. Rule 7.3.

### III. DISCUSSION

Plaintiff moves to vacate the court's prior order pursuant to Federal Rule of Civil Procedure 60 and under Local Rule 7.3. Plaintiff filed his motion more than one year after entry of the order and does not argue that Federal Rules of Civil Procedure 60(b)(4) or 60(b)(5) apply. Accordingly, plaintiff's motion is untimely under Local Rule 7.3 and will be considered only under Rule 60(b)(6).

Although plaintiff alleges a "change of circumstances," the basis of plaintiff's argument is that *Younger* abstention is no longer appropriate now that the state adoption proceedings have concluded. Plaintiff still wishes to pursue claims against various defendants, and argues that the change in legal position resulting from the conclusion of state proceedings is sufficient for the court to vacate its prior order. This change in legal position is not the extraordinary showing required for a court to vacate a prior order in its entirety more than one year after the order has issued. Because plaintiff has not made a sufficient showing justifying the extraordinary relief requested, the court denies plaintiff's motion.

**IT IS THEREFORE ORDERED** that plaintiff's motion to vacate (Doc. 61) is denied.

Dated this 20th day of August, 2019, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**